1 | Larry D. Simons CLS-B (CA Bar No. 179239)
*larry@lsimonslaw.com*
2 | Frank X. Ruggier, CLS-B (CA Bar No. 198863)
*frank@lsimonslaw.com*
3 | **LAW OFFICES OF LARRY D. SIMONS**
15545 Devonshire Street, Suite 110
4 | Mission Hills, California 91101
Telephone: 818.672.1778
5 | Facsimile: 626.389.5607

6 | Attorneys for Nancy J. Zamora, Chapter 7 Trustee

7 |

8 |

9 | **UNITED STATES BANKRUPTCY COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION**

11 |

12 | In re

13 | HAYDE RODRIGUEZ BARAHONA,

14 | Debtor.

Case No. 1:19-bk-12517-VK

Chapter 7

**MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY BETWEEN NANCY J. ZAMORA, CHAPTER 7 TRUSTEE AND DEBTOR HAYDE RODRIGUEZ BARAHONA; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF**

[Fed. R. Bankr. P. 9019 and Local Bankr. R. 9013-1(o)(2)]

(No Hearing Required)

22 | **TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND HER COUNSEL OF RECORD AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Nancy J. Zamora, the duly qualified, appointed and acting Chapter 7 Trustee ("Trustee") of the bankruptcy estate (the "Estate") of debtor Hayde Rodriguez Barahona ("Debtor") hereby submits her Motion for Order Approving Compromise of Controversy, and represents as follows:

*Sidebar (left margin):* Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

**MOTION**

Trustee hereby brings this Motion for Order Approving Compromise of Controversy (the "Motion") in the above captioned case (the "Case"). The Motion is based on the following set of relevant facts:

On October 4, 2019 (the "Petition Date"), debtor Hayde Rodrigez Barahona ("Debtor") filed a voluntary petition for relief under Chapter 7 of the U.S. Bankruptcy Code in the United States Bankruptcy Court, Central District of California, San Fernando Valley Division (the "Court") and was assigned Case No. 1:19-bk-12517-VK.   Nancy J. Zamora ("Trustee") was subsequently appointed as the Chapter 7 Trustee for Debtor's estate and continues to serve in that capacity for the benefit of the estate and its creditors.

Debtor acquired her interest in real property located at 8435 Burnet Avenue, Unit 203, North Hills, California 91343 (the "Property") when she purchased it along with her former spouse, Juan Barahona on or around October 16, 2002 pursuant to a Grant Deed recorded in the Official Records of the Recorder's Office of Los Angeles County, California as document number 02-2422982 (the "Grant Deed").

On October 30, 2011, the Los Angeles Superior Court entered a judgment of dissolution in the Marriage of Juan Manuel Barahona Garcia and Hayde Rodriguez Barahona (the "Marital Dissolution Judgment"). The Marital Dissolution Judgment reflects that with respect to the Property, "[t]he parties acknowledge the family residence located at 8435 Burnet Avenue, Apt. 203, Los Angeles, CA 91343 is community property.

As of the Petition Date, the Property had not been sold, therefore no division of the Property as contemplated by the Marital Dissolution Judgment had occurred.

Debtor scheduled the value of the Property as $370,000 with a "First Mortgage" encumbering the Property with a balance of $236,771.81.

Debtor filed amended schedules which state on Schedule A/B that the Property is "Debtor's Primary residence. Lives in this property with her dependent Son and her unmarried, unemployed, 55 year old sister that Debtor supports." Debtor also amended her Schedule C to increase her homestead exemption to $100,000.00 and changed the exemption to CCP § 704.950 from CCP §

2

1   704.730.

2          On January 30, 2020, the Court entered an Order granting Trustee's Motion objecting to

3   Debtor's claimed $100,000 homestead exemption.

4          Trustee believes that the Property should be treated as community property and therefore the

5   entire Property is property of Debtor's bankruptcy estate.  Therefore, on February 10, 2020, Trustee

6   filed her Complaint for Declaratory Relief seeking a judgment that the Property shall be treated as

7   community property and can be sold in its entirety by Trustee pursuant to 11 U.S.C. § 542

8   ("Trustee's Complaint") which initiated the instant action styled Nancy J. Zamora, Trustee v. Hayde

9   Rodriguez Barahona and Juan Manuel Barahona Garcia, Adv. Proc. No. 1:20-ap-01016-VK (the

10  "Adversary Proceeding").  Alternatively, Trustee's Complaint sought approval for the sale of the

11  interest of co-owner Juan Garcia in the Property pursuant to 11 U.S.C. § 363(h).

12         Assets of Debtor's estate also include equity in Debtor's 2014 Toyota Camry vehicle listed

13  in her Schedule A/B (the "Vehicle") and the estate's pro rata interest in Debtor's 2019 Tax Refunds

14  (the "Tax Refunds').

15         Trustee and Debtor entered into settlement discussions to resolve the issues concerning

16  Trustee's Complaint, the Property, the Vehicle and the Tax Refunds.  Based upon those discussions,

17  Trustee and Debtor reached an agreement whereby Debtor will pay Trustee the sum of $37,000.00

18  (the "Settlement Amount").  Trustee anticipates that the Settlement Amount will allow her to

19  provide a significant distribution to all allowed unsecured claims of the Estate.

20         The compromise reached by Trustee and Debtor has been reduced to a written settlement

21  agreement (the "Settlement Agreement"), a true and correct copy of which is attached hereto as

22  Exhibit "1."  In sum, the Settlement Agreement, which is subject to Bankruptcy Court approval

23  upon notice to creditors, resolves the pending dispute concerning the Trustee's claims in Trustee's

24  Complaint and the Estate's interest in the Property, the Vehicle and the Tax Refunds.

25         Trustee respectfully submits that the approval of the compromise is in the best interests of

26  the Estate.  The compromise resolves Trustee's claims in Trustee's Complaint and regarding the

27  Estate's interest in the Property, the Vehicle and the Tax Refunds, and imbues the Estate with a

28  valuable asset, which can be used to make a significant distribution on allowed unsecured claims,

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

3

1    thereby allowing Trustee to avoid delays and proceed in a timely manner towards the closing of the

2    Estate.

3        **WHEREFORE**, based on the foregoing, the Trustee respectfully requests that the Motion

4    be granted in all respects, and for such further relief as the Court deems just and appropriate.

5

6    Dated: March 19, 2020                  **LAW OFFICES OF LARRY D. SIMONS**

7

8                              _____

9                              Frank X. Ruggier

                               Attorneys for Nancy J. Zamora, Chapter 7 Trustee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

4

MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY BETWEEN NANCY J.
ZAMORA, CHAPTER 7 TRUSTEE AND DEBTOR HAYDE RODRIGUEZ BARAHONA –
CASE NO. 1:19-BK-12517-VK

## MEMORANDUM OF POINTS AND AUTHORITIES

This Memorandum of Points and Authorities is submitted in support of the Motion for Order Approving Compromise of Controversy Between Nancy J. Zamora, Chapter 7 Trustee and Debtor Hayde Rodriguez Barahona (the "Motion").[1]

### I.    INTRODUCTION

Through this Motion, Trustee seeks approval of a compromise reached with Debtor, concerning Trustee's claims in Trustee's Complaint and the estate's interest in the Property, the Vehicle and the Tax Refunds.

Trustee and Debtor have reached a settlement resolving their dispute. In sum, Debtor will pay Trustee the sum of $37,000.00 (the "Settlement Amount"). The aggregate amount of Debtor's Tax Refunds, $5,087.10, has been turned over to Trustee in partial payment of the Settlement Amount. The remaining $31,912.90 of the Settlement Amount shall be paid by Debtor in thirty-one (31) equal monthly installments of $1,000.00 commencing in March 15, 2020 and a final, thirty second, monthly installment of $912.90 (the "Payments"). In the event of a default, Trustee can retain any of the Settlement Amount received and continue with the administration and liquidation of the Property.

Trustee submits that the compromise satisfies each of the prerequisites adopted by the Ninth Circuit. Therefore, the Court should defer to Trustee's business judgment and grant the Motion.

### II.    BRIEF STATEMENT OF FACTS

Debtor filed a voluntary Chapter 7 petition on October 4, 2019 (the "Petition Date"). Nancy J. Zamora was appointed as interim, then permanent trustee and continues to serve in that capacity.

Debtor acquired her interest in real property located at 8435 Burnet Avenue, Unit 203, North Hills, California 91343 (the "Property") when she purchased it along with her former spouse, Juan Barahona on or around October 16, 2002 pursuant to a Grant Deed recorded in the Official Records

---

[1] The capitalized terms used herein have the meaning ascribed to them in the Motion unless otherwise defined herein.

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

1   of the Recorder's Office of Los Angeles County, California as document number 02-2422982 (the

2   "Grant Deed").

3        Debtor scheduled the value of the Property as $370,000 with a "First Mortgage"

4   encumbering the Property with a balance of $236,771.81.

5        On October 30, 2011, the Los Angeles Superior Court entered a judgment of dissolution in

6   the Marriage of Juan Manuel Barahona Garcia and Hayde Rodriguez Barahona (the "Marital

7   Dissolution Judgment").   The Marital Dissolution Judgment reflects that with respect to the

8   Property, "[t]he parties acknowledge the family residence located at 8435 Burnet Avenue, Apt. 203,

9   Los Angeles, CA 91343 is community property. As of the Petition Date, the Property had not been

10   sold, therefore no division of the Property as contemplated by the Marital Dissolution Judgment had

11   occurred

12        Trustee believes that the Property should be treated as community property and therefore the

13   entire Property is property of Debtor's bankruptcy estate.  Therefore, on February 10, 2020, Trustee

14   filed her Complaint for Declaratory Relief seeking a judgment that the Property shall be treated as

15   community property and can be sold in its entirety by Trustee pursuant to 11 U.S.C. § 542

16   ("Trustee's Complaint") which initiated the instant action styled <u>Nancy J. Zamora, Trustee v. Hayde</u>

17   <u>Rodriguez Barahona and Juan Manuel Barahona Garcia</u>, Adv. Proc. No. 1:20-ap-01016-VK (the

18   "Adversary Proceeding").  Alternatively, Trustee's Complaint sought approval for the sale of the

19   interest of co-owner Juan Garcia in the Property pursuant to 11 U.S.C. § 363(h).

20        Trustee and Debtor entered into settlement discussions to resolve the issues concerning

21   Trustee's Complaint and the Estate's interest in the Property, the Vehicle and the Tax Refunds.

22   Based upon those discussions, Trustee and Debtor reached an agreement whereby Debtor will pay

23   Trustee the sum of $37,000.00 (the "Settlement Amount").  The aggregate amount of Debtor's Tax

24   Refunds, $5,087.10, has been turned over to Trustee in partial payment of the Settlement Amount.

25   The remaining $31,912.90 of the Settlement Amount shall be paid by Debtor in thirty-one (31)

26   equal monthly installments of $1,000.00 commencing in March 15, 2020 and a final, thirty second,

27   monthly installment of $912.90 (the "Payments").  In the event of default, Trustee has the right to

28   retain any of the Settlement Amount received and commence with administration and liquidation of

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

6

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

the Property.  Trustee anticipates that the Settlement Amount will allow her to provide a significant distribution to all allowed unsecured claims of the Estate.

The compromise reached by Trustee and Debtor has been reduced to a written settlement agreement (the "Settlement Agreement"), a true and correct copy of which is attached hereto as Exhibit "1."  In sum, the Settlement Agreement, which is subject to Bankruptcy Court approval upon notice to creditors, resolves the pending dispute concerning Trustee's claims in Trustee's Complaint and the Estate's interest in the Property, the Vehicle and the Tax Refunds.

## III.    THE LEGAL STANDARD FOR APPROVING A COMPROMISE OF CONTROVERSY

"On motion by the trustee and after a hearing on notice to creditors, the United States Trustee, the debtor and indentured trustees as provided in Rule 2002 and as such other entities as the court may designate, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

Approval of a proposed compromise turns on whether the compromise is in "the best interests of the estate." In re Woodson, 839 F.2d 610, 620 (9th Cir. 1988); In re Schmidt, 215 B.R. 417, 424 (9th Cir. B.A.P. 1997);  St. Paul Fire & Marine Insurance Co. v. Vaughn, 779 F.2d 1003, 1010 (4th Cir. 1985); In re Continental Investment Corp., 637 F.2d 8, 11 (1st Cir. 1980). Compromise is favored over continued litigation.  See In re A & C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986) cert. denied, 479 US 854, 107 Sup. Ct. 189 (1986).  Whether a compromise will benefit or harm the debtor is immaterial.

Specifically, in evaluating whether to approve a compromise, courts in the Ninth Circuit must consider the following:

(a)    The probability of success in the litigation;

(b)    the difficulties, if any, to be encountered in the matter of collection;

(c)    the complexity of the litigation involved and the expense, inconvenience and delay necessary attending it;

(d)    the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

A & C Properties, 784 F.2d at 1381.

7

1    In considering these factors, the courts are guided by two principles.  First, "the law favors

2  compromise."  Port O'Call Investment Co. v. Blair (In re Blair), 538 F.2d 849, 851 (9th Cir. 1976) .

3  Compromises are favored in bankruptcy and have become "a normal part of the process of

4  reorganization."  Protective Committee for Independent Stockholders of TMT Trailer Ferry Inc. v.

5  Anderson, 390 U.S. 414, 424, 88 S. Ct. 1157 (1968) quoting Case v. Los Angeles Lumber Prods.

6  Co., 308 U.S. 106, 130 (1939).

7    Second, a compromise should be approved unless it "fall [s] below the lowest point in the

8  range of reasonableness."  Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2nd Cir.

9  1983), cert. denied 464 U.S. 822, 104 S. Ct. 88 (1985).   As the court in W.T. Grant aptly

10  commented:

> [The] responsibility of the bankruptcy judge, and ours upon review, is
> not to decide the numerous questions of law and fact raised by the
> appellants but rather to canvass the issues and see whether the
> settlement fall[s] ' below the lowest point in the range of
> reasonableness. . . .

14  Id., at 608.

15    The compromise approval process does not contemplate that a bankruptcy court will

16  substitute its business judgment for that of a chapter 7 trustee.  To the contrary, a settlement that has

17  been negotiated by a trustee, as representative of the estate, is entitled to deference.  See In re

18  Morrison, 69 B.R. 586, 592 (Bankr. E.D. Pa. 1987) (objecting creditors may not substitute their

19  judgment for that of the trustee).  Trustees are generally and properly given broad discretion in

20  deciding how to perform the myriad of duties imposed upon them by the Bankruptcy Code,

21  including the discretion to negotiate settlements and compromises of disputes.  In re Marples, 266

22  B.R. 202 (Bankr. D. Idaho 2001).  Moreover, when considering these factors, the court need only

23  canvass the issues, "a mini trial on the merits is not required."  Schmidtt, 215 B.R. at 423.

24    In this instance, there are a variety of reasons why the Court should approve the settlement

25  reached by Trustee and Debtor.  As Trustee will demonstrate, the application of the A & C

26  Properties test to this settlement requires a finding that the compromise be approved, even over the

27  objections of disappointed or upset creditors.

28

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

## IV. THE AGREEMENT BETWEEN TRUSTEE AND DEBTOR SHOULD BE APPROVED PURSUANT TO RULE 9019(a)

For the following reasons, Trustee submits that the Settlement Agreement is in the best interests of the Estate, and satisfies the criteria established by the Ninth Circuit in A & C Properties.

### A. The Probability of Success in Litigation

With regards to this prong of the test, Trustee contends that if she had to continue to litigate the claims in Trustee's Complaint, administrative costs would increase dramatically. Trustee believes she would be successful in the Adversary Proceeding, but there would always be uncertainty in litigation and further delay and expenses associated therewith.

There is also a dispute between Trustee and Debtor concerning the appropriate claim of a homestead exemption. There would be further expense, delay and uncertainty in litigation regarding allowance of Debtor's homestead exemption.

Additionally, if Trustee sought to liquidate the Property, Debtor could oppose the liquidation and force Trustee to file a motion for turnover. Trustee believes she would be successful seeking turnover, but there would be costs and delay proceeding that way. Here, the proposed settlement is anticipated to provide a significant distribution to all allowed unsecured claims.

In satisfying this first part of the four part A & C Properties test, the burden is not on a trustee to conclusively establish that a defendant would be successful at a trial on the issues raised in an action, as that would defeat the purpose of settlement and would eliminate any cost savings from the settlement. Rather, all that a trustee is required to demonstrate is that, to the reasonable satisfaction of the court, all things being considered, it is prudent to eliminate the risks of litigation to achieve specific certainty, though it might be considerably less, or more, than were the case fought to the bitter end. See In re Aloha Racing Foundation, Inc., 257 B.R. 83 (Bankr. N.D. Ala. 2000).

In fact, at least one court has found that a settlement reached by a trustee could be approved even after the court had decided to rule for the trustee on a contested matter. See In re Dalen, 259 B.R. 586 (Bankr. W.D. Mich. 2001). In Dalen, the trustee sought approval of a settlement after the court had already decided to rule for the trustee, such that the estate would have profited if the

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

9

1 settlement were rejected. The ultimate issue for a court, however, is whether the trustee exercised

2 reasonable judgment in entering into the settlement based upon information then in his possession.

3 As long as the court is able to make this determination, and finds that the trustee has fulfilled his

4 fiduciary duty to the estate, the fact that creditors are objecting to the settlement is irrelevant to the

5 court's determination under Rule 9019(a).

6      In this matter, Trustee has exercised her business judgment and made a determination that

7 by entering into the Settlement Agreement, she will avoid additional administrative fees and delays.

8 Further, the settlement reached by the parties will ensure that Trustee can distribute the funds on

9 hand in the Estate.    By entering into the Settlement Agreement, Trustee has avoided the

10 uncertainties and delays associated with any litigation.

11     **B.**     **The Difficulties, if any, to be Encountered in the Matter of Collection and The**
**Complexity of the Litigation and the Expense, Inconvenience and Delay**
12          **Necessarily Attending It**

13     These are the second and third prongs of the <u>A & C Properties</u> test. The rationale behind

14 public policy favoring pre-trial settlements is that litigation, depending upon its complexity, can

15 occupy a court's docket for years on end, depleting the resources of the parties and the taxpayers

16 while rendering meaningful relief increasingly elusive. In a bankruptcy context, such litigation

17 costs can be particularly burdensome on the bankruptcy estate given the financial instability of the

18 estate. See <u>In re Grau</u>, 267 B.R. 896 (Bankr. S.D. Fla. 2001).

19     Here, the resolution of the Estate's interest in the Property, the Vehicle and the Tax Refunds

20 would be delayed if Trustee had to continue with the claims in Trustee's Complaint and Adversary

21 Proceeding and litigate the Estate's interest in the Property with respect to Debtor's spouse and

22 Debtor's claimed homestead exemption. Further, there is no guarantee that Trustee would receive

23 any higher dollar amount than the Settlement Agreement. Lastly, if Debtor did not cooperate in the

24 turnover, marketing and sale efforts of the Property, the lack of cooperation would continue to delay

25 the administration of the Property and increase administrative expenses.

26     Therefore, Trustee's decision to resolve the dispute over the claims in Trustee's Complaint

27 and the Estate's interest in the Property, the Vehicle and the Tax Refunds will benefit the Estate and

28 creditors alike as it allows Trustee to avoid certain delays and expenses while providing a

**Law Offices of Larry D. Simons**
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5507

10

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

1  substantial distribution to allowed unsecured claims.  The proposed compromise allows Trustee to

2  avoid delays and proceed in a timely manner towards the closing of the Estate.

3      **C.**     **The Paramount Interest of Creditors**

4      The paramount interest of creditors which a bankruptcy court must consider in deciding

5  whether to approve a proposed compromise, generally reflects not only the desire of creditors to

6  obtain the maximum possible recovery, but also their competing desire that the recovery should

7  occur in the least amount of time possible.  See <u>Marples</u>, <u>supra</u>.

8      Trustee estimate's that the equity in the Property is between approximately $5,000 and

9  $40,000 based on the condition of the Property and Debtor's homestead exemption that may be

10  allowed by the Court.  Trustee also estimates that the equity in the Vehicle is approximately $2,000

11  after estimated costs of sale.  Finally, Trustee estimates that the Estate's pro rata interest in the Tax

12  Refunds is $3816.  Therefore, the Settlement Amount of $37,000 provides a significant percentage

13  of Trustee's potential recovery without incurring additional expense or delay.

14      The Settlement Agreement resolves Trustee's claims in Trustee's Complaint and Estate's

15  interest in the Property, the Vehicle and the Tax Refunds, and imbues the Estate with a valuable

16  asset, which can be used to make a significant distribution on allowed unsecured claims.

17  **V.**     **CONCLUSION**

18      Based upon the foregoing, Trustee respectfully requests that the Court grant the Motion in

19  all respects, and for such other and further relief as the Court deems just and proper.

20

21  Dated: March 19, 2020                    **LAW OFFICES OF LARRY D. SIMONS**

22

23  _____

24  Frank X. Ruggier
   Attorneys for Nancy J. Zamora, Chapter 7 Trustee

25

26

27

28

MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY BETWEEN NANCY J.
ZAMORA, CHAPTER 7 TRUSTEE AND DEBTOR HAYDE RODRIGUEZ BARAHONA –
CASE NO. 1:19-BK-12517-VK

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

## DECLARATION OF NANCY J. ZAMORA

I, Nancy J. Zamora, declare:

1.       I am the duly appointed, qualified and acting chapter 7 trustee ("Trustee") of the bankruptcy estate (the "Estate") of Hayde Rodriguez Barahona ("Debtor").   I have personal knowledge, information or belief of the facts set forth below, and, if called as a witness, could and would competently testify thereto under oath.  This declaration is made in support of the attached motion (the "Motion") to approve a compromise of controversy (the "Settlement").[2]

2.       By the Settlement Agreement, which is memorialized by the documents, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "1" (the "Settlement Agreement"), Debtor and I shall (1) enter into limited mutual releases, and (2) Debtor shall pay to the Estate the sum of $37,000.00, to resolve the claims in Trustee's Complaint and the Estate's interest in the Property, the Vehicle and the Tax Refunds.   I am entering into the Settlement based on the following facts:

a.       Debtor filed a voluntary Chapter 7 petition on October 4, 2019.   I was appointed as interim, then permanent trustee and continue to serve in that capacity.

b.       Debtor acquired her interest in real property located at 8435 Burnet Avenue, Unit 203, North Hills, California 91343 (the "Property") when she purchased it along with her former spouse, Juan Barahona on or around October 16, 2002 pursuant to a Grant Deed recorded in the Official Records of the Recorder's Office of Los Angeles County, California as document number 02-2422982 (the "Grant Deed").

c.       On October 30, 2011, the Los Angeles Superior Court entered a judgment of dissolution in the Marriage of Juan Manuel Barahona Garcia and Hayde Rodriguez Barahona (the "Marital Dissolution Judgment").  The Marital Dissolution Judgment reflects that with respect to the Property, "[t]he parties acknowledge the family residence located at 8435 Burnet Avenue, Apt. 203, Los Angeles, CA 91343 is community property.

---

[2] The capitalized terms used herein have the meaning ascribed to them in the Motion unless otherwise defined herein.

MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY BETWEEN NANCY J.
ZAMORA, CHAPTER 7 TRUSTEE AND DEBTOR HAYDE RODRIGUEZ BARAHONA –
CASE NO. 1:19-BK-12517-VK

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

d.      As of the Petition Date, the Property had not been sold, therefore no division of the Property as contemplated by the Marital Dissolution Judgment had occurred.

e.      Debtor scheduled the value of the Property as $370,000 with a "First Mortgage" encumbering the Property with a balance of $236,771.81.

f.      Debtor filed amended schedules which state on Schedule A/B that the Property is "Debtor's Primary residence. Lives in this property with her dependent Son and her unmarried, unemployed, 55 year old sister that Debtor supports." Debtor also amended her Schedule C to increase her homestead exemption to $100,000.00 and changed the exemption to CCP § 704.950 from CCP § 704.730.

g.      On January 30, 2020, the Court entered an Order granting my Motion objecting to Debtor's claimed $100,000 homestead exemption.

h.      I believe that the Property should be treated as community property and therefore the entire Property is property of Debtor's bankruptcy estate. Therefore, on February 10, 2020, my counsel filed a Complaint for Declaratory Relief seeking a judgment that the Property shall be treated as community property and can be sold in its entirety by me pursuant to 11 U.S.C. § 542 ("Trustee's Complaint") which initiated the instant action styled Nancy J. Zamora, Trustee v. Hayde Rodriguez Barahona and Juan Manuel Barahona Garcia, Adv. Proc. No. 1:20-ap-01016-VK (the "Adversary Proceeding"). Alternatively, Trustee's Complaint sought approval for the sale of the interest of co-owner Juan Garcia in the Property pursuant to 11 U.S.C. § 363(h).

i.      Assets of Debtor's estate also include equity in Debtor's 2014 Toyota Camry vehicle listed in her Schedule A/B (the "Vehicle") and the estate's pro rata interest in Debtor's 2019 Tax Refunds (the "Tax Refunds').

j.      Debtor and I entered into settlement discussions to resolve the issues concerning Trustee's Complaint, and the Estate's interest in the Property, the Vehicle and the Tax Refunds. Based upon those discussions, the Settling Parties and I reached an agreement whereby Debtor will pay to the Estate the sum of $37,000.00 (the "Settlement Amount"). The aggregate amount of Debtor's Tax Refunds, $5,087.10, has been turned

13

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

over to me in partial payment of the Settlement Amount.  The remaining $31,912.90 of the Settlement Amount shall be paid by Debtor in thirty-one (31) equal monthly installments of $1,000.00 commencing in March 15, 2020 and a final, thirty second, monthly installment of $912.90 (the "Payments").

       k.    In the event of default, I have the right to retain any of the Settlement Amount received and commence with administration and liquidation of the Property.  I anticipate that the Settlement Amount will allow me to provide a significant distribution to all allowed unsecured claims of the Estate.

       3.    In determining whether the Settlement I negotiated with Debtor was in the best interests of the Estate, I followed the guidelines adopted by the Ninth Circuit.  Specifically, I made an independent determination of (i) the probability of success in the litigation, (ii) the difficulties, if any, I would encounter in the matter of collection, (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it, and (iv) the paramount interest of the creditors and a proper deference to their reasonable views.

       4.    The Motion is made upon the grounds that by the Settlement Agreement, I am certain of being able to collect additional monies to make a substantial distribution to the unsecured creditors without incurring any further costs or uncertainties inherent with administering the Estate's interest in the Property. The Settlement Amount of $37,000 provides a significant percentage of my estimated potential recovery without incurring additional expense or delay.  It is therefore in my business judgment that the terms of the Settlement Agreement is within the range of reasonableness and is in the best interest of the Estate and does not fall below the lowest point in the range of reasonableness.

       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

       Executed this _18th_ day of March 2020 at Los Angeles, California.

                             NANCY J. ZAMORA

MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY BETWEEN NANCY J. ZAMORA, CHAPTER 7 TRUSTEE AND DEBTOR HAYDE RODRIGUEZ BARAHONA – CASE NO. 1:19-BK-12517-VK

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND LIMITED RELEASE

This SETTLEMENT AGREEMENT AND LIMITED RELEASE (the "**AGREEMENT**") is entered into effective as of March ____, 2020 (the "**EFFECTIVE DATE**"), by and between Nancy J. Zamora ("**TRUSTEE**"), in her sole and limited capacity as the duly appointed, qualified and acting Chapter 7 Trustee for the bankruptcy estate of Hayde Rodriguez Barahona on the one side, and debtor Hayde Rodriguez Barahona ("**DEBTOR**"), on the other side, as follows:

## RECITALS

**WHEREAS, DEBTOR** filed a voluntary petition for relief under title 11 of the United States Code on October 4, 2019 (the "**PETITION DATE**") in the United States Bankruptcy Court, Central District of California, San Fernando Valley Division (the "**BANKRUPTCY COURT**") bearing Case No. 1:19-bk-12517-VK (the "**BANKRUPTCY CASE**").

**WHEREAS,** upon the filing of the **BANKRUPTCY CASE** Nancy J. Zamora was appointed the interim trustee and thereafter was elected the permanent trustee for the **DEBTOR'S** estate and she continues to act in this capacity.

**WHEREAS,** the **DEBTOR** acquired her interest in real property located at 8435 Burnet Avenue, Unit 203, North Hills, California 91343 (the "**PROPERTY**") when she purchased it along with her former spouse, Juan Barahona on or around October 16, 2002 pursuant to a Grant Deed recorded in the Official Records of the Recorder's Office of Los Angeles County, California as document number 02-2422982 (the "**GRANT DEED**").

**WHEREAS,** on October 30, 2011, the Los Angeles Superior Court entered a judgment of dissolution in the Marriage of Juan Manuel Barahona Garcia and Hayde Rodriguez Barahona (the "**MARITAL DISSOLUTION JUDGMENT**"). The **MARITAL DISSOLUTION JUDGMENT** reflects that with respect to the **PROPERTY**, "[t]he parties acknowledge the family residence located at 8435 Burnet Avenue, Apt. 203, Los Angeles, CA 91343 is community property.

**WHEREAS,** as of the **PETITION DATE**, the **PROPERTY** had not been sold, therefore no division of the **PROPERTY** as contemplated by the **MARITAL DISSOLUTION JUDGMENT** had occurred.

**WHEREAS, DEBTOR** filed amended schedules which state on Schedule A/B that the **PROPERTY** is "Debtor's Primary residence. Lives in this property with her dependent Son and her unmarried, unemployed, 55 year old sister that Debtor supports." **DEBTOR** also amended her Schedule C to increase her homestead exemption to $100,000.00 and changed the exemption to CCP § 704.950 from CCP § 704.730.

**WHEREAS,** on January 30, 2020, the Court entered an Order granting **TRUSTEE'S** Motion objecting to **DEBTOR'S** claimed $100,000 homestead exemption.

**WHEREAS,** on February 10, 2020, **TRUSTEE** filed her Complaint for Declaratory Relief seeking a judgment that the **PROPERTY** shall be treated as community

property and can be sold in its entirety by **TRUSTEE** pursuant to 11 U.S.C. § 542 ("**TRUSTEE'S COMPLAINT**") which initiated the instant action styled <u>Nancy J. Zamora, Trustee v. Hayde Rodriguez Barahona and Juan Manuel Barahona Garcia</u>, Adv. Proc. No. 1:20-ap-01016-VK (the "**ADVERSARY PROCEEDING**"). Alternatively, **TRUSTEE'S COMPLAINT** sought approval for the sale of the interest of co-owner Juan Garcia in the **PROPERTY** pursuant to 11 U.S.C. § 363(h).

      **WHEREAS,** assets of **DEBTOR'S** estate also include equity in **DEBTOR'S** 2014 Toyota Camry vehicle listed in her Schedule A/B (the "**VEHICLE**") and the estate's pro rata interest in **DEBTOR'S** 2019 Tax Refunds (the "**TAX REFUNDS**').

      **WHEREAS,** without any admission of liability and in order to avoid attorneys' fees, costs and the burdens of litigation, **TRUSTEE** and **DEBTOR** agree to settle their disputes related to the **PROPERTY**, the **TRUSTEE'S COMPLAINT,** the **VEHICLE** and the **TAX REFUNDS** by execution of this Settlement Agreement and the performance of the obligations contained herein.

## PROVISIONS

      **NOW, THEREFORE,** in consideration of the foregoing Recitals and of the mutual agreements, covenants and release set forth herein, and for other good and valuable consideration, the sufficiency and adequacy of which is acknowledged by the parties, the parties hereto agree as follows:

1.    <u>**Recitals**</u>.  The recitals contained in this **AGREEMENT** (the "**RECITALS**"), are an integral part of this **AGREEMENT** and are incorporated herein by reference.

2.    <u>**Rules of Construction**</u>.  The following rules of construction govern and apply to the interpretation and construction of this **AGREEMENT**:

    **2.1.**    Whenever the name of **TRUSTEE** is used, it includes all current and former agents, employees, attorneys, and accountants, all successors and assigns of **TRUSTEE** and all other persons and entities for whose acts and omissions **TRUSTEE** may be held liable.

    **2.2**    Whenever the name of **DEBTOR** is used, it includes all other persons and entities for whose acts and omissions **DEBTOR** may be held liable.

    **2.3**    Each party acknowledges that it has participated in the drafting of this **AGREEMENT** and reviewed the terms of the **AGREEMENT** and as such, no rule of construction shall apply in any interpretation of this **AGREEMENT** which might result in this **AGREEMENT** being construed in favor or against any of them, including without limitation, any rule of construction to the effect that ambiguities ought to be resolved against the drafting party.

    **2.4.**    The underscored word or words appearing at the commencement of sections of this **AGREEMENT** are intended only as a guide and are not intended, and should

not be construed, as controlling, enlarging, restricting, explaining or modifying, in any manner, the language or meaning of those sections or subsections.

3.      **Settlement Payment**.  In consideration for the promises made in this **AGREEMENT**, **DEBTOR**  shall pay **TRUSTEE** the gross sum of $37,000.00 (the "**SETTLEMENT AMOUNT**").  The aggregate amount of **DEBTOR'S TAX REUNDS**, $5,087.10, has been turned over to the **TRUSTEE** in partial payment of the **SETTLEMENT AMOUNT**.  The remaining $31,912.90 of the **SETTLEMENT AMOUNT** shall be paid by the **DEBTOR** in thirty-one (31) equal monthly installments of $1,000.00 commencing in March 15, 2020 and a final, thirty second, monthly installment of $912.90 (the "**PAYMENTS**").  There is no penalty for making any, or all, of the **PAYMENTS** earlier than scheduled.

The **PAYMENTS** shall be made by cashier's check, money order or other form of certified funds payable to the **TRUSTEE** as follows:  "Nancy J. Zamora, Chapter 7 Trustee for the Estate of the Hayde Rodriguez Barahona".  The **PAYMENTS** shall be sent to **TRUSTEE** as the following address:

> Nancy J. Zamora
> Chapter 7 Trustee
> 633 West 5th Street, Suite 2600
> Los Angeles, CA 90071

4.      **Waiver of Exemption in Settlement Amount**.  **DEBTOR** shall waive any exemption in the **SETTLEMENT AMOUNT**.

5.      **Maintenance of the PROPERTY**.  The **DEBTOR** agrees to keep current all mortgage payments, real property taxes, homeowner's insurance and homeowner's dues that become due until the **SETTLEMENT AMOUNT** is paid in full.  The **DEBTOR** also agrees to maintain the **PROPERTY** in its current condition and shall not damage or commit waste to it.

6.      **Default**.  In the event **DEBTOR** defaults on any provision of this **AGREEMENT** including the failure to timely pay any portion of the **SETTLEMENT AMOUNT**, the **TRUSTEE**, in addition to any and all other remedies provided at law or equity may take all actions necessary to collect, including resuming the **ADVERSARY PROCEEDING** and seeking to sell the **PROPERTY**.  In the case of Default by **DEBTOR**, the **TRUSTEE** also has the right to retain any of the **SETTLEMENT AMOUNT** received and commence administration of any and all assets of the estate including selling the **PROPERTY**.

7.      **Dismissal of the ADVERSARY PROCEEDING**.  The **TRUSTEE** shall dismiss the **ADVERSARY PROCEEDING** upon receipt of the **DEBTOR'S TAX REFUNDS** and the initial $1,000 monthly payment of the **SETTLEMENT AMOUNT** and Court approval of ths **AGREEMENT**.  The **BANKRUPTCY COURT** shall retain jurisdiction to enforce this **AGREEMENT**.  As is ncessary for enforcement of this **AGREEMENT**, the parties agree to reopen **ADVERSARY PROCEEDING**  and/or waive any applicable statutes of limitations, including 11 U.S.C. § 546.

8. **Releases**.

(a) **TRUSTEE** hereby individually releases and forever discharges **DEBTOR** from any and all manner of action or actions, affirmative defenses, causes of action, in law or in equity, suits, debts, liens, contracts, agreements, promises, liabilities, claims, demands, losses, damages, costs or expenses, including but not limited to court costs, sanctions and attorney's fees of any kind or nature whatsoever, whether or not now known, claimed or suspected, fixed or contingent, which **TRUSTEE** now has, ever had or ever claimed to have had, or hereafter may have, against **DEBTOR** directly or indirectly, arising out of, based upon, or related in any manner whatsoever to, the **PROPERTY**, the **TRUSTEE'S COMPLAINT**, the **ADVERSARY PROCEEDING**, the **VEHICLE**, and the **TAX REFUNDS** provided, however, that this **AGREEMENT** does not release or discharge **DEBTOR** from her obligations under this **AGREEMENT**;

(b) **DEBTOR** hereby individually releases and forever discharges **TRUSTEE** from any and all manner of action or actions, affirmative defenses, causes of action, in law or in equity, suits, debts, liens, contracts, agreements, promises, liabilities, claims, demands, losses, damages, costs or expenses, including but not limited to court costs, sanctions and attorney's fees of any kind or nature whatsoever, whether or not now known, claimed or suspected, fixed or contingent, which **DEBTOR** now has, ever had or ever claimed to have had, or hereafter may have, against **TRUSTEE**, directly or indirectly, arising out of, based upon, or related in any manner whatsoever to, the **PROPERTY**, the **TRURSTEE'S COMPLAINT**, the **ADVERSARY PROCEEDING**, the **VEHICLE**, and the **TAX REFUNDS** (hereinafter referred to as "Claim"), provided, however, that this **AGREEMENT** does not release or discharge **TRUSTEE** from her obligations under this **AGREEMENT**;

Notwithstanding the discovery of any such additional or different facts, the parties certify that they have read Section 1542 of the California Civil Code set forth below:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The parties hereto, do hereby waive application of Section 1542 of the California Civil Code and any other statutes, common law rights, rules or the like which may operate to limit the intent of this **AGREEMENT** with respect to the claims released herein. The parties understand and acknowledge the significance and consequence of this waiver of Section 1542 of the California Civil Code is that even if they should eventually suffer additional damages on account of the claims released herein, they will not be permitted to make any claim for such damages.

9.    **Covenant Not to Sue**.  **TRUSTEE** and **DEBTOR** hereby covenant and agree that they will forever refrain and forbear from commencing, instituting or prosecuting any lawsuit action or other proceeding against each other, based on, arising out of, or in connection with the claims released in this **AGREEMENT**.  Notwithstanding the foregoing, nothing contained in this **AGREEMENT** shall preclude **TRUSTEE** and **DEBTOR** from exercising his/her/their respective rights in the event the other party breaches any of his/her/their obligations under this **AGREEMENT**.

10.    **Denial of Liability**.  Liability for any claims or interests that **TRUSTEE** has asserted or may have asserted is denied by **DEBTOR**.  This **AGREEMENT** is a compromise of disputed claims or interests and shall never be construed as an admission of liability or responsibility for any purpose by any party.

11.    **Mutual Warranties and Representations**.  **TRUSTEE** and **DEBTOR**  hereby represent and warrant to each other that as of the date of this **AGREEMENT**:

> **11.1**    **TRUSTEE** and **DEBTOR** have each consulted with or have had the opportunity to consult with an attorney of his/her choosing, and each of them has carefully read this agreement, fully understands the agreement and its terms and provisions, and each of them is relying upon legal advice in entering into this **AGREEMENT** voluntarily.

> **11.2**    **TRUSTEE** and **DEBTOR** have each made such investigation of the facts and matters pertaining to this **AGREEMENT** as each of them has deemed necessary.

> **11.3**    Except for the statements, representations and promises contained in this **AGREEMENT**, the parties hereto are not relying upon any statement, representation, or promise from the other party hereto or any of the other party's agents, employees, representatives, or attorneys in entering into this agreement.

> **11.4**    Each person executing this **AGREEMENT** on behalf of a party hereto has been duly authorized to execute this **AGREEMENT** on behalf of the party and to bind the party to the terms and provisions of this **AGREEMENT** by appropriate appointment, delegation of authority, corporate by-laws or board resolutions, except that **TRUSTEE'S** authority is subject to approval by the **BANKRUPTCY COURT**.

> **11.5**    As to the matters addressed herein, this **AGREEMENT** is intended to be final and binding upon the parties hereto, regardless of any mistake of fact or law made by the parties hereto.  **TRUSTEE** and **DEBTOR** each assumes the risk of any mistake of fact or law in relation to this **AGREEMENT** and may not set aside this **AGREEMENT**, or any portion thereof, based on the subsequent discovery of any such mistake of fact or law.

12.    **Complete Agreement**.  This **AGREEMENT** contains the entire agreement between the parties with respect to the matters addressed in this **AGREEMENT** and the **AGREEMENT** supersedes all prior agreements, written or oral.  Should a dispute arise

under this **AGREEMENT**, neither **TRUSTEE** nor **DEBTOR** may introduce evidence of any alleged prior or contemporaneous agreements or understandings to alter the terms of this **AGREEMENT**.

13.    <u>No Oral Modifications</u>.  This **AGREEMENT** may be amended only in a writing signed by all parties.

14.    <u>Attorneys' Fees and Costs</u>.  **TRUSTEE** and **DEBTOR** shall each bear his/her/their own costs and attorneys' fees, if any, with regard to any aspect of the **ADVERSARY PROCEEDING** and **TRUSTEE'S** claims with respect to the estate's interest in the **PROPERTY**.  However, **TRUSTEE** and **DEBTOR** agree that in the event of any legal or equitable action or arbitration proceeding required to enforce or defend this **AGREEMENT**, the prevailing party, as that term is defined by California Civil Code § 1717, shall be entitled to an award of his/her/their attorneys' fees, costs, and expenses incurred in connection with the enforcement or defense of this **AGREEMENT**, in addition to any other damages the party may suffer as a result of the violation or breach of this **AGREEMENT**, or other relief to which the party may be entitled.

15.    <u>Successors</u>.  This **AGREEMENT** shall bind and inure to the benefit of the parties hereto and his/her/their respective successors, predecessors and assigns.

16.    <u>Severability</u>.  Should any provision of this **AGREEMENT** be unenforceable, such provision shall be considered severable, and the remaining provisions shall remain in effect.

17.    <u>Governing Law</u>.  This **AGREEMENT** shall be construed and governed by the laws of the State of California.

18.    <u>Counterparts</u>.  This **AGREEMENT** may be executed in counterparts and by facsimile signature with the same force and effect as if all original signatures were set forth in a single document.  This **AGREEMENT** shall not be binding until signed by all parties.

19.    <u>Further Assurances</u>.  **TRUSTEE** and **DEBTOR** hereby agree to, on request of the other party hereto, to perform all acts reasonably necessary, including execution of further documents, to effectuate the intent of this **AGREEMENT**.

20.    <u>Agreement as Defense</u>.  This **AGREEMENT** may be pled by any party as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of, relates to, or has anything to do with, the rights and claims waived, released and discharged by this **AGREEMENT**.

21.    <u>Facsimile Signatures</u>.  The signatures required for the execution of this **AGREEMENT** may be transmitted by facsimile or e-mail, and any such signature shall be deemed a duplicate original, and may be admitted in evidence and shall fully bind the party and person making such signature.

///
///

22.    **Bankruptcy Court Approval**.  This **AGREEMENT** is explicitly conditioned upon entry of an order (the "**ORDER**") by the United States Bankruptcy Court for the Central District of California, or other court of competent jurisdiction, in Case No. 1:19-bk-12517-VK, approving the terms and conditions of this **AGREEMENT**.  In the event the **BANKRUPTCY COURT,** or other court of competent jurisdiction, does not approve this **AGREEMENT,** it will be null and void.


IN WITNESS WHEREOF, the parties hereto have executed this **SETTLEMENT AGREEMENT AND LIMITED RELEASE** as of the **EFFECTIVE DATE.**


**NANCY J. ZAMORA, in her Sole and Limited Capacity as Chapter 7 Trustee**

_____
Nancy J. Zamora, Trustee



_____
Hayde Rodriguez Barahona, Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

15545 Devonshire Street, Suite 110, Mission Hills, CA 91345

A true and correct copy of the foregoing document entitled (*specify*):

**MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY BETWEEN NANCY J.
ZAMORA, CHAPTER 7 TRUSTEE AND DEBTOR HAYDE RODRIGUEZ BARAHONA;
MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
  **03/24/2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Kevin T Simon    kevin@ktsimonlaw.com, SimonKR80921@notify.bestcase.com**
**Larry D Simons   larry@lsimonslaw.com, simonsecf@gmail.com;simonslr44533@notify.bestcase.com**
**Valerie Smith    claims@recoverycorp.com**
**United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**
**Nancy J Zamora (TR)    zamora3@aol.com, nzamora@ecf.axosfs.com**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  **03/24/2020**  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor:** Hayde Rodriguez Barahona, 8435 Burnet Avenue, Unit 203, North Hills, California 91343
**Judge's Copy:** Hon. Victoria Kaufman, 21041 Burbank Blvd. Suite 354, Woodland Hills, California 91367
LEA Accountancy LLP, 3435 Wilshire Blvd Ste. 990, Los Angeles, CA 90010

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/24/2020 | Karen Green | /s/ Karen Green |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                          **F 9013-3.1.PROOF.SERVICE**